**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:07-CR-48  CAS |
| v. ) | |
| ) | |
| JESSE AKINS, ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER</u>**

This matter is before the Court on various pretrial matters.  Pursuant to 28 U.S.C. § 636(b), this Court referred all pretrial matters to United States Magistrate Judge Terry I. Adelman.  On March 16, 2007, Magistrate Judge Adelman filed a Report and Recommendation of United States Magistrate Judge which recommended that defendant's Motion to Suppress Evidence and Statements should be granted with respect to the Defendant's statement as he was being handcuffed that he had marijuana on him, and should be denied in all other respects.

Defendant filed objections to the Magistrate Judge's Report on March 26, 2007.  Defendant first objects to the Magistrate Judge's findings of fact, arguing that "the confidential informant stated he had been in the residence at 4119 Pennsylvania and observed the defendant to be in possession of a large amount of Heroin, not drugs." Doc. 23 at 1.  Defendant also objects to the Magistrate Judges's conclusion of law that the affidavit of Detective Fredrick Lathan, which was used to obtain a search warrant in this matter, does not give rise to probable cause because (1) the affidavit does not provide clear evidence that the informant was reliable, (2) the confidential informant told Detective Lathan that he observed large amounts of  heroin in defendant's home, but no heroin was found

during the execution of the search warrant, and (3) Detective Lathan's surveillance did not corroborate the information provided by the confidential informant. Additionally, defendant requests that the Court require the government to reveal the confidential informant who provided information to Detective Lathan to confirm that the informant is not fictitious.

The Court has carefully and independently reviewed the full record, and has listened to the recording of the evidentiary hearing held in this matter on February 23, 2007. First, the Court finds that there was probable cause for the issuance of a search warrant. "Probable cause exists, if under the totality of circumstances, a showing of facts can be made sufficient to create a fair probability that evidence of a crime will be found in the place to be searched." United States v. Carpenter, 422 F.3d 738, 744 (8th Cir. 2005) (internal citations omitted). In this case, the affidavit in support of the search warrant relied on information from a confidential informant and an independent investigation of that information by the police. "Information [from a confidential informant] may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of supplying reliable information, or if it is corroborated by independent evidence." United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993). The confidential informant who provided Detective Lathan with the tip had an established track record of supplying reliable information.

Additionally, probable cause was shown by the independent police investigation which corroborated information from the reliable confidential informant. See Carpenter, 422 F.3d at 744. As sworn to in his affidavit, over a two-hour period of time on two different days, Lathan observed five individuals visit the defendant's residence, stay approximately two or three minutes, and then leave. The Court finds that this was sufficient information from which a judge might reasonably conclude that the activity was consistent with the drug activity described by the confidential

informant. The Court thus finds that under the totality of the circumstances a sufficient showing was made to create a fair probability that evidence of a crime would be found at defendant's place of residence.

The Court also finds that defendant's request for disclosure of the confidential informant's identity should be denied. "The government has an obligation to disclose the identity of a confidential informant where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." United States v. Sanchez, 429 F.3d 753, 756 (8th Cir. 2005) (citations omitted). "The defendant has the burden of showing that the need for disclosure outweighs the government's privilege to withhold the identity of its confidential informants. The defendant can meet his burden by showing that disclosure is relevant and helpful to his defense, or essential to a fair trial." United States v. Crenshaw, 359 F.3d 977, 1005 (8th Cir. 2004). Defendant did not produce any evidence to support his burden. Further, the informant in this case is a mere "tipster" and is not a witness to the facts for the charges alleged in the indictment. See Crenshaw, 359 F.3d at 1005; United States v. Alcantar, 271 F.3d 731, 739 (8th Cir. 2001), cert. denied, 535 U.S. 964 (2002).

The Court is in full agreement with the stated rationale of the Magistrate Judge's recommendations, and will adopt the same.

Accordingly, after a de novo review,

**IT IS HEREBY ORDERED** that the objections of defendant Jesse Akins are overruled. [Doc. 23]

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge is **sustained, adopted** and **incorporated** herein. [Doc. 22]

**IT IS FURTHER ORDERED** that defendant's Motion to Suppress Evidence and Statements is **GRANTED** with respect to the defendant's statement as he was being handcuffed that he had marijuana on him and **DENIED** in all other respects. [Doc. 18]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  2nd  day of April, 2007.